UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TRACY L. KNEEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13-cv-180-WGH-JMS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff's Complaint seeking Social Security disability benefits.  The parties consented to Magistrate Judge jurisdiction (Dkt. 12, 17), and an Order of Reference was entered by District Judge Jane Magnus-Stinson on August 8, 2012 (Dkt. 18).  The parties filed briefs, and the Magistrate Judge conducted oral argument on January 8, 2014, at which Plaintiff, Tracy L. Kneeves, was present by telephone with her counsel and Defendant, Acting Commissioner Colvin, was represented by counsel by telephone.

### Findings of Fact

Material portions of the ALJ's findings in dispute are as follows:

(a)     Plaintiff has only one severe impairment – that of degenerative disc disease (R. 13-16);

      (b)      Plaintiff has the residual functional capacity to perform light work (R. 16-19); and

      (c)      Plaintiff is capable of performing her past relevant work as a bartender (R. 19).

Each of these findings will be discussed individually.[1]

**(a)      The ALJ's findings concerning severe impairments:**

In this case, the ALJ found that Plaintiff had one severe and several non-severe impairments. At oral argument, Plaintiff's counsel for the first time argued that it was error for the ALJ to find Plaintiff's vision was not a severe impairment. Because this was not argued in the parties' briefs, the Court concludes that Plaintiff has waived this argument. *See, e.g.*, *Waite v. Bowen*, 819 F.2d 1356, 1360 n.1 (7th Cir. 1987). However, even if this argument was not waived, the ALJ discussed not only the vision records from Dr. David Zauel, but also a physical consultative examination occurring the month before where the consultative examiner found normal fields of vision. (R. 288.) The Court concludes that substantial evidence would support a finding that Plaintiff's vision problem was not severe, even though another ALJ might have found it to be severe. The Court therefore concludes that there is no error properly raised by Plaintiff at this time requiring remand because of the failure of the ALJ to find Plaintiff's vision condition to be severe.

---

[1]Plaintiff initially argued that her mental impairments might satisfy Listing 1.04. However, at oral argument Plaintiff's counsel conceded that Plaintiff's mental impairments did not satisfy that Listing.

**(b)**      **The ALJ's residual functional capacity determination:**

The ALJ concluded that Plaintiff has the residual functional capacity to perform light work.  Plaintiff argues that the ALJ failed to give controlling weight to the opinion of Plaintiff's treating physicians, Dr. Sturman, Nurse Practitioner Hutchinson, and Dr. Harber.  A review of the records of Dr. Sturman, Ms. Hutchinson, and Dr. Harber shows that the ALJ reasonably summarized those records and did not "cherry pick" from them.  None of those records of treating physicians show more than episodic issues of pain.  Dr. Harber found some decreased sensation in Plaintiff's thighs and tenderness in her spine, but otherwise a stable gait, and prescribed medication.  (R. 596-98.) This Court does not find that the treating physicians are inconsistent with the RFC found by the ALJ—an ability to perform light work where the claimant can never climb ladders, ropes, or scaffolds; can only occasionally climb ramps and stairs; and can only occasionally balance, stoop, kneel, croutch, and crawl. There is no error in failing to give greater weight to the treating physicians' opinions in this case.

Plaintiff argues that under 20 C.F.R. § 1527(e)(1) an ALJ may be required to recontact treating physicians regarding work-related limitations not addressed in their report.  The Court concludes in this case that the doctors's records were not unclear and did not fail to address Plaintiff's conditions, and there was no error on the part of the ALJ in not recontacting the treating physicians.

Plaintiff also argues that the ALJ erred by relying on evidence of gaps in treatment as evidence that Plaintiff's lumbar condition was not more severe. Under S.S.R. 96-7p at 7 (1996), and under the authority of such cases as *Moss v. Astrue*, 555 F. 3d 556, 562 (7th Cir. 2009), an ALJ may rely on infrequency or gaps in treatment as evidence undermining a claimant's credibility. However, a more recent case, *Shauger v. Astrue*, 675 F. 3d 690, 696 (7th Cir. 2012), indicates that an ALJ may not draw an adverse inference from infrequency or gaps in treatment without first considering the Plaintiff's explanation for them or other evidence in the record that would explain them.

If there is error in this record, it may be in the fact that the ALJ did not ask for a clarification as to the reasons for these gaps.  The ALJ did discuss the fact that "[t]he claimant has sought only conservative care for her back pain, and she noted improvements with it," citing to certain exhibits.  (R. 19.)  The Court notes that in this particular case Plaintiff's back condition was treated conservatively throughout the course of her medical treatment.  There is no opinion in the Record that Plaintiff needed significant back surgery or anything other than conservative care with respect to her back condition.  Under these specific circumstances, the Court concludes that the ALJ did not error in failing to ask more clearly the reason for the lack of further treatment.  An ALJ's failure to explore the reasons why surgical treatment was not pursued might amount to error; however, the failure to inquire concerning why more conservative treatment was not pursued does not appear to be error in this case.

Plaintiff also argues that the ALJ erred by giving too much weight to Plaintiff's ability to perform rudimentary household chores in the discussion of her residual functional capacity.  The Seventh Circuit has held repeatedly that an ALJ errs by placing too much weight on a claimant's performance of everyday activities in determining credibility or residual functional capacity. *See Roddy v. Astrue*, 705 F. 3d 631, 639 (7th Cir. 2013); *Kraft v. Astrue*, 539 F.3d 668, 680 (7th Cir. 2008).  In this case, the ALJ comes close to crossing the line in his discussion of residual functional capacity at page 18 of the Record.  However, in that discussion the ALJ considered not only the Plaintiff's activities of daily living, but the findings of her physicians and other evidence from the medical records before the ALJ.  In this case, the ALJ has not unduly exaggerated the Plaintiff's ability to perform activities of daily living and has not specifically equated those activities with an ability to perform full-time work. Although it is a close call as to this issue, the Court concludes that there is substantial evidence to support the residual functional capacity determination.

Therefore, the ALJ has not improperly "cherry picked" evidence, disregarded the opinions of Plaintiff's treating physicians, or given undue emphasis to the Plaintiff's ability to perform activities of daily living in reaching his conclusion.

**(c)    Whether Plaintiff is capable performing past relevant work as a bartender:**

Plaintiff argues that with ten years or more experience as a bartender, her opinion that she can no longer perform this work should be accepted and

the ALJ's determination that she could perform past relevant work as a bartender should be overturned.  However, given the fact that a proper hypothetical question was raised to the vocational expert, and the vocational expert testified that a person with the Plaintiff's capabilities could perform the job as it is defined in the Dictionary of Occupational Titles (*see* R. 66), the Court concludes that there is no error.

## Conclusion

As in many of the cases that appear before the Magistrate Judge, the facts before the Court present a close case for the awarding of benefits. Another ALJ might have concluded that the Plaintiff's vision was a severe impairment and with that severe impairment in place might have concluded that she was unable to perform her past relevant work as a bartender.  Had that been the case, further exploration of other jobs which might have been available for Plaintiff to perform would have been required.  However, the Court concludes that it may not reweigh the evidence in this case, and substantial evidence supports the conclusions reached.  There is no finding of an error of law made by the ALJ.  Therefore, the decision of the Acting Commissioner is **AFFIRMED**, and this case is **DISMISSED**.  Final judgment shall be entered in favor of the Acting Commissioner.

**SO ORDERED** the 31st day of January, 2014.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**